UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER M. SULLIVAN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 1:10-cv-01395 (HHK) |
| ADRIAN M. FENTY, MAYOR, DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

## ANSWER TO THE PLAINTIFF'S COMPLAINT

Defendants, Adrian M. Fenty, Mayor of the District of Columbia, Dennis L. Rubin, and Brian K. Lee, through undersigned counsel, answer the plaintiff's complaint for damages and equitable relief as follows:

First Defense

The complaint fails to state a claim upon which relief may be granted.

Second Defense

The defendants answer the complaint paragraph-by-paragraph as follows:

**COMPLAINT[1]**

The plaintiff's unnumbered paragraph is a designation of parties and contains conclusions of law and of the pleader requiring no response. The answering defendants note that the District of Columbia Fire and Emergency Medical Services Department is not an entity subject to suit.

**INTRODUCTION**

---

[1] For convenience and clarity, the answering defendants adopt the headings and paragraph numbers from the complaint.

The plaintiff's unnumbered paragraph contains conclusions of law and of the pleader requiring no response. To the extent a response is required, the allegations are denied.

## JURISDICTION

1. The allegations in paragraph 1 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the answering defendants admit that this Court has jurisdiction, but deny that the D.C. statute and Constitutional Amendment themselves confer jurisdiction on this Court.

2. The allegations in paragraph 2 of the complaint are conclusions of law and of the pleader requiring no response. To the extent a response is required, the answering defendants admit that this Court has venue.

## PARTIES

3. The answering defendants admit the allegations in paragraph 3 of the complaint regarding the plaintiff's position and dates of employment, but are without knowledge or information regarding his citizenship and residence and therefore deny same.

4. The answering defendants admit the allegation in paragraph 4 of the complaint that the plaintiff was an employee of the District of Columbia, Fire and Emergency Medical Services Department. "At all relevant times" is a conclusion of law and of the pleader requiring no response.

5. The answering defendants admit the titles of the named individuals in paragraph 5 of the complaint.

### Background

6. The answering defendants admit the allegations in paragraph 6 of the complaint.

7. The answering defendants admit the allegations in paragraph 7 of the complaint.

8. The answering defendants admit the allegation that the plaintiff gave testimony at a public hearing on March 4, 2009 and that senior fire officials were present, but deny the remaining allegations in paragraph 8 of the complaint. The defendants further answer that the plaintiff's testimony related solely to matters of personal concern regarding discipline that he faced within the department and thus were not matters of public safety or concern.

9. The answering defendants admit that the plaintiff held up a photograph representing that it was of his son, that he made the statements attributed to him and that the council member asked if he had concluded his testimony. The answering defendants deny the remaining allegations in paragraph 9 of the complaint, and further answer that the council member told the plaintiff, that if he did not leave the chamber, he would have to call security.

10. The answering defendants admit that, based on prior incidents and his disruptive, threatening and insubordinate behavior following the public hearing on March 4, 2009, the plaintiff was called for a fitness for duty examination. The answering defendants are presently without knowledge or information regarding the remaining allegations in paragraph 10 of the complaint and therefore deny same.

11. The answering defendants admit that the plaintiff was directed to report to the police and fire clinic, but are presently without knowledge or information regarding the remaining allegations in paragraph 11 of the complaint and therefore deny same.

12. The answering defendants admit that the plaintiff claimed to have a child care issue, and that he was directed to report to the clinic, but are presently without knowledge or information regarding the remaining allegations in paragraph 12 of the complaint and therefore deny same.

13. The answering defendants admit that plaintiff eventually reported for a fitness for duty examination, but are presently without knowledge or information regarding the remaining allegations in paragraph 13 of the complaint and therefore deny same.

14. The answering defendants admit the existence of the fire and police clinic, but are but are presently without knowledge or information regarding the remaining allegations in paragraph 14 of the complaint and therefore deny same.

15. The answering defendants admit that the plaintiff had a fitness for duty examination, but are but are presently without knowledge or information regarding the remaining allegations in paragraph 15 of the complaint and therefore deny same. The answering defendants further answer that the plaintiff was cleared for duty (i.e., did not have a disability requiring accommodation) by July 21, 2009.

16. The answering defendants admit that Detective Elisa Brown investigated threatening remarks the plaintiff made to Chief Rubin and Assistant Chiefs Schultz and Lee following his council testimony on March 4, 2009 to determine whether a crime had been committed. The answering defendants are presently without knowledge or information regarding the remaining allegations in paragraph 16 of the complaint and therefore deny same.

17. The answering defendants are presently without knowledge or information regarding the remaining allegations in paragraph 17 of the complaint and therefore deny same.

18. The answering defendants admit the allegations in paragraph 18 of the complaint.

19. The answering defendants admit that Detective Brown did not recommend prosecuting the plaintiff on criminal charges, but are presently without knowledge or information regarding the remaining allegations in paragraph 19 of the complaint and therefore deny same.

20.     The answering defendants are presently without knowledge or information regarding the allegations in paragraph 20 of the complaint and therefore deny same.

21.     The answering defendants are presently without knowledge or information regarding the allegations in paragraph 21 of the complaint and therefore deny same.

22.     The allegations in paragraph 22 of the complaint are conclusions of law and of the pleader requiring no response.  To the extent a response is required, the answering defendants deny the allegations.

23.     The answering defendants admit that there were several appointments in connection with the plaintiff's fitness for duty examination.  They are presently without information or knowledge regarding the remaining allegations in paragraph 23 of the complaint and therefore deny same.

24.     The answering defendants admit that there were several appointments in connection with the plaintiff's fitness for duty examination.  They are presently without information or knowledge regarding the remaining allegations in paragraph 24 of the complaint and therefore deny same.

25.     The answering defendants admit that there were several appointments in connection with the plaintiff's fitness for duty examination.  They are presently without information or knowledge regarding the remaining allegations in paragraph 25 of the complaint and therefore deny same.

26.     The answering defendants admit that there were several appointments in connection with the plaintiff's fitness for duty examination.  They are presently without information or knowledge regarding the remaining allegations in paragraph 26 of the complaint and therefore deny same.

27. The answering defendants admit the allegations in paragraph 27 of the complaint.

28. The answering defendants admit that Detective Brown did not recommend prosecuting the plaintiff on criminal charges, but deny that she investigated whether the plaintiff had been disruptive at or after the council meeting, and further answer that her investigation was limited to the question of criminal charges, and not whether the plaintiff should be disciplined by the department for conduct that was disruptive, threatening and insubordinate.

29. The answering defendants admit the allegations in paragraph 29 of the complaint.

30. The answering defendants admit that the plaintiff was required to undergo a fitness for duty examination and had a fire trial board disciplinary hearing during the time period alleged, but are presently without information or knowledge regarding the remaining allegations in paragraph 30 of the complaint and therefore deny same.

31. The allegations in paragraph 31 of the complaint are conclusions of law and of the pleader requiring no response.  To the extent a response is required, the allegations are denied.

32. The answering defendants are presently without information or knowledge regarding the allegations in paragraph 32 of the complaint and therefore deny same.

33. The answering defendants are presently without information or knowledge regarding the allegations in paragraph 33 of the complaint and therefore deny same.

34. The answering defendants are presently without information or knowledge regarding the remaining allegations in paragraph 34 of the complaint and therefore deny same.

35. The allegations in paragraph 35 of the complaint contain conclusions of law and of the pleader requiring no response.  To the extent a response is required, the allegations in paragraph 35 of the complaint are denied.

36. The allegations in paragraph 35 of the complaint contain conclusions of law and of the pleader requiring no response. The answering defendants are presently without information or knowledge regarding the remaining allegations in paragraph 36 of the complaint and therefore deny same.

37. The answering defendants admit that the plaintiff was required to submit to a physical examination and drug test in connection with his fitness for duty. The answering defendants are presently without information or knowledge regarding the remaining allegations in paragraph 37 of the complaint and therefore deny same.

38. The allegations in paragraph 38 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the answering defendants deny the allegations in paragraph 38 of the complaint.

39. The answering defendants admit that the plaintiff was cleared for duty (i.e., did not have a disability requiring accommodation) by July 21, 2009. The answering defendants are presently without information or knowledge regarding the remaining allegations in paragraph 39 of the complaint and therefore deny same.

40. The answering defendants admit the allegations in paragraph 40 of the complaint.

41. The answering defendants admit the allegations in paragraph 41 of the complaint.

42. The answering defendants admit that the plaintiff was notified of his termination in September 2009, but deny the remaining allegations in paragraph 42. The defendants further answer that the plaintiff was brought up on multiple charges of absence without leave, insubordination, disruptive conduct, threatening and conduct unbecoming that did not relate to his testimony before the city council but included conduct after his testimony was concluded. An impartial trial board of four members heard testimony, and based upon the evidence

concluded that the plaintiff should be disciplined and that his employment should be terminated. Fire Chief Rubin accepted that recommendation.

43. The answering defendants admit the allegations in paragraph 43 of the complaint.

44. The allegations in paragraph 44 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the answering defendants deny the allegations in paragraph 44 of the complaint.

45. The allegations in paragraph 45 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the answering defendants deny the remaining allegations in paragraph 45 of the complaint, and further answer that discipline imposed was not in retaliation for protected activity, but for legitimate, non-discriminatory reasons.

### Violation of First Amendment Rights

The answering defendants incorporate prior responses to paragraphs 1 through 45 as if separately set forth.

46. The allegations in paragraph 46 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the allegations are denied.

47. The allegations in paragraph 47 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the allegations are denied.

48. The allegations in paragraph 48 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the defendants deny that the plaintiff's speech or conduct was protected under the First Amendment of the

United States Constitution, or that the answering defendants imposed discipline against him, including termination, because of it.

## Violation of D.C. Whistleblower Protection Act

The answering defendants incorporate prior responses to paragraphs 1 through 48 as if separately set forth.

49. The allegations in paragraph 49 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the answering defendants admit they are subject to and protected by the requirements of the D.C. Whistleblower Protection Act.

50. The allegations in paragraph 50 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the answering defendants admit that the plaintiff is subject to and protected by the requirements of the D.C. Whistleblower Protection Act.

51. The allegations in paragraph 51 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the defendants deny that the plaintiff's speech or conduct was protected under the D.C. Whistleblower Protection Act.

52. The allegations in paragraph 52 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the defendants deny that the plaintiff's speech or conduct was protected under the D.C. Whistleblower Protection Act, or that the answering defendants scheduled him for a fitness for duty examination or imposed discipline against him, including termination, because of it.

53.     The answering defendant are without information or knowledge regarding when the plaintiff became aware of the provisions of the D.C. Whistleblower Protection Act, and therefore deny same. The remaining allegations in paragraph 53 of the complaint contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the defendants deny same.

54.     The answering defendants deny the allegations in paragraph 54 of the complaint.

## RELIEF REQUESTED

A.     through I.     The allegations in paragraphs A through I contain conclusions of law and of the pleader requiring no response. To the extent that a response is required, the allegations are denied.

### Third Defense

The plaintiff did not engage in speech, conduct or activity that is protected under the First Amendment or the D.C. Whistleblower Protection Act.

### Fourth Defense

The plaintiff's referral for a fitness for duty examination was not retaliatory or an adverse action.

### Fifth Defense

The defendants had legitimate, non-discriminatory reasons for taking adverse personnel actions against the plaintiff, including his termination.

### Sixth Defense

The defendants may be protected by absolute, qualified or discretionary immunity, or the absence of bad faith.

### Seventh Defense

The Mayor is sued only in his official capacity. The District of Columbia has no official policy or custom that is the cause of the deprivations alleged.

## Eighth Defense

The plaintiff may have failed to exhaust his administrative remedies and/or failed to comply with mandatory filing requirements.

## Ninth Defense

The plaintiff's claim may be barred by res judicata or collateral estoppel.

## Tenth Defense

The plaintiff's claim may be barred by the applicable statute of limitations.

## Eleventh Defense

The plaintiff's claim may be barred by his failure to file a timely and proper notice of claim under the provisions of D.C. Code § 12-309.

## Twelfth Defense

The plaintiff may have failed to mitigate any damages that he may have incurred.

## Twelfth Defense

The defendants assert a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance or other sources.

The defendants reserve the right to rely on any other defenses which may become available through further investigation or discovery, as well as the right to delete any defenses previously raised herein, or to amend any responses to demonstrate that there is no such basis for said defense or response to such allegations.

## Jury Demand

11

The answering defendants demand a trial by jury on all issues so triable.

**DATED:  November 1, 2010**             Respectfully submitted,

> PETER J. NICKLES
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General, Civil Litigation Division
>
> \s\ Kimberly M. Johnson
> KIMBERLY M. JOHNSON [435163]
> Chief, General Litigation Sec. I
>
>
> \s\ Wayne C. Beyer
> WAYNE C. BEYER [452245]
> Assistant Attorney General
> 441 4th Street, N.W., 6th Floor-South
> Washington, D.C.  20001
> Direct Line: 202 442-9891
> Facsimile: (202) 730-0637
> E-mail: wayne.beyer@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of NOVEMBER, 2010, a copy of the foregoing

ANSWER TO THE PLAINTIFF'S COMPLAINT  was sent by electronic service to:

Christopher M. Sullivan
*Pro se*


> \s\ Wayne C. Beyer
> WAYNE C. BEYER